# EXHIBIT "A"

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  21-A-1952

$198.00 COST PAID

Duncan-Branch, Katherine

**PLAINTIFF**

VS.

American Multi-Cinema, Inc.

**DEFENDANT**

**SUMMONS**

TO: AMERICAN MULTI-CINEMA, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Brian W Craig**
**Wood Craig & Avery**
**3520 Piedmont Rd NE Ste. 280**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of June, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**21-A-1952**
JUN 01, 2021 04:37 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KATHERINE DUNCAN-BRANCH, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. _____ |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AMERICAN MULTI-CINEMA, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW plaintiff and shows the Court as follows:

1.

Plaintiff is a resident of Georgia and subject to the jurisdiction of this Court.

2.

Defendant American Multi-Cinema, Inc. ("Defendant") is a foreign profit corporation with its principal place of business in the State of Kansas and may be served with a copy of the Summons and Complaint by serving its registered agent, Corporate Creations Network at 2985 Gordy Parkway, Marietta, Georgia, 30066. In addition to the Summons and Complaint, Defendant is being served with the following discovery:

    a.    Plaintiff's First Interrogatories and Request for Production of Documents to Defendant; and

    b.    Plaintiff's First Request for Admissions to Defendant.

3.

Defendant has been properly served with the plaintiff's complaint.

4.

On or about February 3, 2020, Defendant was the owner of the AMC CLASSIC Snellville 12 ("AMC") located at 1905 Scenic Highway North, Snellville, Georgia 30078.

5.

On or about February 3, 2020, Defendant was the operator of the AMC CLASSIC Snellville 12 ("AMC") located at 1905 Scenic Highway North, Snellville, Georgia 30078.

6.

This Court has jurisdiction over the subject matter of this action.

7.

This Court has jurisdiction over the parties named herein.

8.

Venue is proper in this Court.

9.

On or about February 3, 2020, Plaintiff was an invitee at AMC.

10.

While an invitee at AMC on February 3, 2020, Plaintiff slipped on a foreign substance on the floor and fell.

11.

Plaintiff fell to the floor and was injured upon impact.

12.

On or about February 3, 2020, Plaintiff was injured as a result of Defendant's failure to have a safe and clean floor.

13.

As a result of her fall, Plaintiff sustained injury and incurred medical treatment and expense.

14.

Defendant was solely at fault in causing Plaintiff's injuries.

15.

Plaintiff did not contribute to her fall.

16.

Defendant improperly operated, managed, maintained, and controlled its premises.

17.

There were no warnings, signs or otherwise, in the area at the time of the fall.

18.

Defendant had exclusive ownership, possession, and control over AMC premises at all times relevant to this litigation.

## COUNT I
## PREMISES LIABILITY

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18.

20.

Plaintiff was an invitee on the premises at the time of her fall.

21.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

22.

Defendant was negligent in failing to properly inspect the area where the fall occurred.

23.

Defendant was negligent in failing to properly maintain the premises.

24.

Defendant was negligent in failing to take adequate measures to protect invitees from the hazard and in failing to keep the premises safe for invitees.

25.

Defendant knew or, in the exercise of reasonable care, should have known that the improperly maintained premises posed a danger to invitees.

26.

Plaintiff did not know and could not reasonably have learned of the danger posed by the unclean floor where the incident occurred.

27.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT II
## VICARIOUS LIABILITY

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

30.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

33.

Defendant was negligent in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

34.

Defendant was negligent in training and supervising its staff.

35.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays for trial on all issues and judgment against defendants as follows:

a. That plaintiff recover past and future medical expenses in an amount to be proven at trial;

b. That plaintiff recover for mental and physical pain and suffering in an amount to be determined by the enlightened conscience of the jury;

c.  That plaintiff recover such other and further relief as is just and proper; and

d.  That all issues be tried before a jury.

This 1st day of June, 2021.

WOOD CRAIG & AVERY, LLC

/s/ Brian W. Craig
Brian W. Craig
Georgia Bar No. 143196
Attorney for Plaintiff

3520 Piedmont Rd N.E. Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3649 (FAX)